809 So.2d 779 (2002)
Charles GRIFFIS, Appellant,
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Appellee.
No. 2001-CP-00806-COA.
Court of Appeals of Mississippi.
March 5, 2002.
*780 Charles Griffis (Pro Se), attorney for appellant.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the court.
¶ 1. Charles Griffis, pro se, appeals an order of the Circuit Court of Sunflower County denying his petition for post-conviction relief regarding the revocation of his house arrest. Aggrieved, he asserts the following issue:
I. WHETHER GRIFFIS WAS DENIED DUE PROCESS OF LAW WHEN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS REVOKED HIS HOUSE ARREST WITHOUT A DISCIPLINARY HEARING BEING CONDUCTED ON THE RULE VIOLATION REPORT HE WAS ISSUED FOR AN ALLEGED RULE VIOLATION.
¶ 2. We hold that Griffis was not denied due process of law and that the circuit court's decision is affirmed.

FACTS
¶ 3. On May 5, 1998, Griffis was convicted in Chickasaw County, Mississippi of possession of a controlled substance with the intent to sell. He was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections (MDOC) which was to be suspended following the completion of one year in the Intensive Supervision Program, also known as house arrest. Following the completion of the house arrest, Griffis was to serve five years of supervised probation. On June 13, 1998, Griffis was issued a Rule Violation Report by a MDOC field officer for allegedly leaving his residence without permission, and a warrant was issued for his arrest.
*781 ¶ 4. Judge Kenneth Coleman, Chickasaw County Circuit Court, issued an order on June 16, 1998, approving MDOC's placement of Griffis "in whatever facility deemed appropriate and the Defendant is to complete the original sentence of the court." Griffis was transported to the Mississippi State Penitentiary at Parchman on June 16, 1998. He was initially classified on July 2, 1998, and because of a disability was placed in a special needs unit.
¶ 5. In April 2000, Griffis submitted a grievance through the administrative remedy program at Parchman, complaining of being denied his due process rights. Griffis was denied remedy because more than thirty days had passed between the revocation of his house arrest and his request for relief. Griffis did not complete the final steps required for judicial review in the administrative remedy program defined by Mississippi Code Annotated section 47-5-807 (Rev.1999). On November 22, 2000, Griffis filed a complaint in the Sunflower County Circuit Court claiming that his house arrest had been revoked without justification and without a hearing by the MDOC disciplinary committee.
¶ 6. The Sunflower County Circuit Court dismissed the complaint finding that Griffis "had violated the terms of the House Arrest Program and was properly arrested by his field officer and placed in the custody of the Mississippi Department of Corrections to complete his original sentence." After receiving a letter sent to the Sunflower County Circuit Clerk from Griffis, which the court treated as a motion to reconsider, the court entered an order to expand the record and required MDOC to furnish information concerning Griffis' removal from house arrest. After viewing MDOC's report, the court concluded that MDOC had acted properly and issued its final judgment dismissing Griffis' complaint. It is from this judgment that Griffis appeals.

ANALYSIS

I. WHETHER GRIFFIS WAS DENIED DUE PROCESS OF LAW WHEN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS REVOKED HIS HOUSE ARREST WITHOUT A DISCIPLINARY HEARING BEING CONDUCTED ON THE RULE VIOLATION REPORT HE WAS ISSUED FOR AN ALLEGED RULE VIOLATION.
¶ 7. Griffis asserts that when he was removed from house arrest MDOC failed to follow the requirements set forth in Mississippi Code Annotated section 47-5-1003(3) (Rev.1999) and consequently he was denied due process of law. The State argues that Griffis' request was untimely, since it was tendered over thirty days after the incident. The State also argues that Griffis had no liberty interest in remaining in house arrest and was therefore not entitled to due process protections and that MDOC did not violate the requirements of section 47-5-1003(3) when removing Griffis from house arrest.
¶ 8. Griffis was issued a rules violation report on June 13, 1998, and he was assigned to a special needs unit on July 2, 1998. According to MDOC administrative review procedures adopted pursuant to Mississippi Code Annotated section 47-5-801 (Rev.1999), a grievance must be filed within thirty days of an alleged incident. Griffis did not file his complaint until almost two years after he was removed from house arrest. The agency therefore properly dismissed the grievance as untimely. If Griffis would have taken the steps necessary to reach a final agency decision, he would have had thirty days to seek judicial review of that decision under section 47-5-801. The review would have *782 been of the agency's decision to dismiss the grievance as untimely, not of the merits of the grievance itself. "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." Miss. State Bd. of Pub. Accountancy v. Gray, 674 So.2d 1251, 1253 (Miss.1996). MDOC's decision to reject a request for administrative remedy filed nearly two years after the alleged incident was not arbitrary and capricious when MDOC procedures require such a request to be filed within thirty days.
¶ 9. Even if Griffis was not untimely in his complaint, Griffis had no due process rights regarding his removal from house arrest. When Griffis' house arrest was revoked and he was placed in the actual custody of MDOC, he underwent a change of classification and housing assignment. Lewis v. State, 761 So.2d 922, 923(¶ 4) (Miss.Ct.App.2000). Inmates have neither a property nor liberty interest in any particular housing assignment or custodial classification under the United States Constitution or Mississippi law. Sandin v. Conner, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Carson v. Hargett, 689 So.2d 753, 755 (Miss. 1996). Without a liberty interest at stake in Griffis' removal from house arrest, he was not entitled to due process protections.
¶ 10. MDOC did not violate the requirements set forth in Mississippi Code Annotated section 47-5-1003(3), which reads as follows:
To protect and to ensure the safety of the state's citizens, any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional field officer and placed in the actual custody of the Department of Corrections. Such an offender is under the full and complete jurisdiction of the department and subject to the removal from the program by the classification hearing officer.
Griffis was found to have left his residence in violation of his house arrest. A rules violation report was issued by his field officer and Griffis arrested pursuant to it. On July 2, 1998, the classification committee met and reassigned Griffis to the special needs unit. MDOC's actions therefore fell within the requirements of section 47-5-1003(3). We find no error in the lower court's dismissal of the complaint.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING WITH PREJUDICE POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.