¶ 1. Richard Mosby appeals from an order of the Circuit Court of Hinds County dismissing his motion for post-conviction collateral relief. Mosby comes before this Court pro se asserting three issues: (1) that he has been subjected to violations of the Double Jeopardy Clause, (2) that his plea was involuntary, and (3) that he was denied effective assistance of counsel.
¶ 2. For reasons which will be set forth in the body of the opinion, we dismiss the appeal as untimely.
 FACTS
¶ 3. Mosby was indicted by a grand jury of the Circuit Court of Hinds County on two counts, capital murder and conspiracy to commit capital murder. Mosby was tried on the charge of conspiracy to commit capital murder on October 10-13, 1994. The trial ended in a mistrial. Following the trial, Mosby's attorney, Merrida "Buddy" Coxwell filed a motion to withdraw, and Dan Duggan and Mel Coxwell, were substituted as joint counsel for Mosby. Under their advisement, Mosby, on May 11, 1995, signed a petition to plead guilty to the charges of murder and conspiracy to commit murder. On the same day, the court accepted Mosby's plea and sentenced him to life for the charge of murder and twenty years for the charge of conspiracy to be served concurrently in the custody of the Mississippi Department of Corrections.
¶ 4. The record reflects that Mosby filed his first petition for post-conviction collateral relief on May 13, 1998, alleging that he received ineffective assistance of counsel, that the trial court failed to explain to him his constitutional right against self-incrimination, and that his plea was involuntary. On July 9, 1998, Mosby filed a motion for leave to file an amended motion to vacate and set aside conviction and sentence. This motion alleged three grounds: (1) that the court erred in accepting a plea for a charge in which petitioner was not indicted, (2) that the court erred in exceeding its statutory authority in sentencing petitioner without securing a legal conviction, and (3) that petitioner was denied effective assistance of counsel. On August 11, 1998, the trial court, without conducting an evidentiary hearing, dismissed the original motion with prejudice. On October 15, 1998, the trial court entered another order denying relief on what was termed "original motion" and dismissed Mosby's post-conviction relief motionwithout prejudice. On November 18, 1998, Mosby filed a motion to vacate and set aside conviction and sentence. This motion alleged that he could not be prosecuted for capital murder and conspiracy to commit capital murder because he would be subjected to double jeopardy and that he was denied effective assistance of counsel. On March 8, 1999, the trial court acknowledged that it had already ruled on the motion and dismissed the motion with prejudice. On March 18, 1999, Mosby filed what he denoted as a Rule 59(e) motion to alter and amend judgment. The trial court denied this motion on March 23, 1999. This appeal ensued.
 DISCUSSION
¶ 5. Before we address the merits of the issues regarding the dismissal of *Page 663 
Mosby's motion(s) for post-conviction relief, we direct our attention to the State's argument that Mosby is procedurally barred from pressing his post-conviction claims here because he did not file his PCR motion in the trial court until May 13, 1998 — two days after the three-year deadline for PCR motions. Mosby pleaded guilty and was sentenced on May 11, 1995. A motion for relief shall be made under the Post-Conviction Collateral Relief Act within three years after the entry of judgment of conviction. Miss. Code Ann. § 99-39-1 (Rev. 2000). Mosby's deadline to file his post-conviction relief motion was May 11, 1998. Since this was two days past the three-year time bar, Mosby's petition would be time barred if it had been filed on his behalf by counsel. However, our supreme court, in Sykes v. State, 757 So.2d 997 (¶ 14) (Miss. 2000), established what is now commonly referred to as the "prison mailbox rule" with the following ruling:
 A pro se prisoner's motion for post-conviction relief is delivered for filing under the UPCCRA and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing. Prison authorities may initiate such procedures as are necessary to document reliably the date of such delivery, by means of a prison mail log of legal mail or other expeditious means.
Clearly, Mosby's petition had to be delivered to prison authorities prior to May 13 in order for it to make its way to the clerk of the court by May 13. It is not unreasonable to conclude that delivery took place on or before May 11. Therefore, we decline the State's offer to erect the time bar in Mosby's path for the two-day delay in the filing of the his PCR motion.
¶ 6. We do, however, raise sua sponte a procedural bar more fundamental than the two-day delay in the filing of the PCR motion. As previously observed, the first order dismissing the initial PCR motion filed by Mosby was entered on August 11, 1998. The order dismissing the last PCR motion filed by Mosby was entered on March 23, 1999. Our review of the record reveals that Mosby filed his notice of appeal on March 30, 2000. This date was well beyond the thirty days required by Rule 4 of the Mississippi Rules of Appellate Procedure for prosecuting appeals from a final judgment of the trial court, whether the time is computed from the dismissal of Mosby's first PCR motion or from the denial of his last motion. Therefore, we find that the appeal is untimely and hereby dismiss the appeal.
¶ 7. Although we have determined that the appeal should be dismissed, we find it helpful to point out some additional procedural facts. On August 27, 1998, Mosby filed, in the trial court, a motion for leave to appeal in forma pauperis the denial of his motion for post-conviction relief. Mosby did not file a notice of appeal at this time. On April 9, 1999, Mosby filed a notice of motion. It appears that Mosby attached several documents to this notice, namely motion for leave to appeal in forma pauperis, a form application to proceed in formapauperis in the courts of the State of Mississippi, and a notice of appeal. The notice of motion is the only document which bears a file stamp of the circuit court. On August 9, 1999, Mosby filed what he called a demand for judgment on his motion for leave to appeal in forma pauperis.
¶ 8. At some point, which is not clear from the record, following the filing of his demand for judgment in the trial court, Mosby made application to the Mississippi Supreme Court for leave to proceed in formapauperis. By order dated October 22, 1999, Justice McRae of the Mississippi *Page 664 
Supreme Court found that Mosby had no direct appeal pending before that court and denied Mosby's "Petition for Leave to Proceed In Forma Pauperis from the Trial Court's Denial of Post-Conviction Collateral Relief Motion."
¶ 9. As previously observed, Mosby, on March 30, 2000, filed his notice of appeal. This appeal was dismissed on June 8, 2000, because of Mosby's failure to pay the costs. Thereafter, Mosby sought reconsideration of the dismissal of his appeal and ultimately filed an application to the Mississippi Supreme Court for reinstatement of appeal and for leave to proceed in forma pauperis. In an order entered on September 25, 2000, by Justice McRae, Mosby's application for reinstatement of appeal and for leave to proceed in forma pauperis was remanded to the trial court for consideration. In the meantime, on August 8, 2000, Judge L. Breland Hilburn entered an order granting Mosby's motion for leave to appeal in forma pauperis. The procedural saga ended on December 12, 2000, when former Justice Michael P. Mills of the Mississippi Supreme Court signed an order reinstating Mosby's appeal.
¶ 10. We read the December 12, 2000 order as reinstating the appeal initially commenced on March 30, 2000, and dismissed on June 8, 2000, for failure to pay the required costs. We do not read the order as curing any defects in the original appeal as far as timeliness is concerned; that issue was not addressed in either Justice McRae's remand order or Justice Mills's order reinstating the untimely appeal. For the reasons stated, we hereby dismiss this appeal.
¶ 11. THE APPEAL IS DISMISSED WITH PREJUDICE. ALL COSTS AREASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.