866 So.2d 486 (2003)
Charles TORNS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00431-COA.
Court of Appeals of Mississippi.
November 25, 2003.
Rehearing Denied February 24, 2004.
*487 Charles Torns, Jr., Appellant, pro se.
Office of the Attorney General by John R. Henry, attorneys for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Charles Torns filed a pro se motion for post-conviction collateral relief alleging that his convictions and sentences were unconstitutional and that he was entitled to relief on the basis of due process and equal protection. The trial court denied Torns's motion as having no merit. Feeling aggrieved, Torns appeals and argues that the trial court erred in denying his motion.
¶ 2. We determine that the trial court did not have jurisdiction in this case. Consequently, Torns's appeal conferred no jurisdiction upon this court. Therefore, we dismiss this appeal.

FACTS
¶ 3. On September 30, 1993, Torns was convicted by a Hinds County jury of one count of mail fraud and one count of uttering a forgery. In sentencing Torns as a habitual offender, the circuit court used, as a predicate for sentence enhancement, a September 1986 conviction that Torns had acquired through his plea of guilty to uttering a forgery. Consequently, the circuit court sentenced Torns to terms of fifteen and five years, both to be served concurrently. Upon Torns's appeal of this decision, this Court affirmed his convictions. Torns v. State, 687 So.2d 770 (Miss. Ct.App.1996).
¶ 4. On March 29, 2001, Torns filed a motion for post-conviction relief in the Circuit Court of Hinds County. The motion's heading only listed his 1986 conviction. In his motion, Torns challenged his 1986 conviction but also attacked the enhanced sentences he received for his 1993 convictions. The trial court reviewed Torns's motion on April 3, 2001, and considered it to be a challenge to both his 1986 and 1993 convictions. It held that Torns was statutorily estopped from challenging two judgments in the same motion for post-conviction relief. The trial court declined to consider Torns's motion as it related to his 1993 convictions and dismissed that portion of *488 the motion without prejudice. The trial court also found that, since Torns's 1993 convictions had been appealed and affirmed by this Court, he could not file a petition for post-conviction collateral relief without first getting permission from the Mississippi Supreme Court. See Miss. Code Ann. § 99-39-7 (Supp.2003). As to the 1986 conviction, the trial court determined that consideration of it was barred by the three-year statute of limitations. Consequently, it dismissed with prejudice Torns's motion for relief regarding his 1986 conviction. Torns subsequently filed a motion to alter or amend the circuit court's April 3, 2001 judgment; however, the circuit court denied the motion as being untimely filed.
¶ 5. On May 15, 2001, Torns filed in the Mississippi Supreme Court a motion for leave to proceed in post-conviction relief. While this motion contained the same verbatim challenges as did Torns's post-conviction relief motion before the trial court, this motion listed both his 1986 and 1993 convictions in its heading. By an order of August 9, 2001, our supreme court determined that Torns's motion was a challenge to the validity of his 1986 guilty plea. It consequently denied Torns's motion after holding that Torns was required to first present his challenge to the trial court where the conviction occurred. The supreme court did not address Torns's 1993 convictions or the timeliness of his motion regarding the 1986 conviction.
¶ 6. On August 30, 2001, Torns filed a second motion for post-conviction relief in the Circuit Court of Hinds County. Unlike his first motion for post-conviction relief, his second motion's heading contained both his 1986 and 1993 convictions. While incorporating the same challenges listed in his initial motion, the second motion differed only as to the inclusion of an argument that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), constituted an "intervening decision" for purposes of post-conviction relief as relating to his 1986 conviction and sentence.
¶ 7. On February 20, 2002, the circuit court issued an order denying Torns's second motion for post-conviction relief and dismissing the motion with prejudice. The order stated that "it plainly appears from the face of the motion in the present case that the Petitioner, after careful deliberation, is not entitled to the relief requested and the motion should be denied."

DISCUSSION AND ANALYSIS OF THE ISSUES
¶ 8. As he has consistently done with his previous two motions before the circuit court and the single motion before the Mississippi Supreme Court, Torns challenges both his 1986 and 1993 convictions. Since Torns never obtained permission from our supreme court to file a post-conviction relief motion with respect to his 1993 convictions, we have no jurisdiction to address his allegations regarding those convictions. See Miss.Code Ann. § 99-39-7 (Supp.2003). Therefore, we will not discuss them in this opinion.
¶ 9. In regards to Torns's 1986 conviction, the record clearly indicates that the Circuit Court of Hind County issued its judgment of conviction on September 25, 1986, upon Torns's submission of a plea of guilty. Therefore, it was incumbent upon Torns to file his motion for post-conviction relief in that court within three years after entry of the judgment of conviction. However, Torns did not file his motion with the trial court until March 29, 2001, approximately fourteen and a half years after his 1986 conviction. On April 3, 2001, the circuit court found that Torns's motion was not filed within the statute of limitations and dismissed the motion with *489 prejudice. Torns then had thirty days to file an appeal of the judgment; however, he did not file an appeal until March 18, 2002, over eleven months after the circuit court had denied his motion for post-conviction relief. See M.R.A.P. 4(a). Therefore, Torns's pursuit of this appeal in regard to his 1986 conviction is untimely, and this Court has no jurisdiction to address the appeal. See Mosby v. State, 830 So.2d 661(¶ 6) (Miss.Ct.App.2002).
¶ 10. We are aware that Torns filed a second post-conviction relief motion, making essentially the same allegations as he had made in the first motion and that the trial court dismissed this second motion on February 20, 2002, without making any reference to it being a second or successive post-conviction relief motion. Even treating this appeal as an appeal from that order, we must still find that the trial court was correct in dismissing Torns's motion because the filing of such motion was a second post-conviction relief motion which is barred by Mississippi Code Annotated section 99-39-23(6) (Supp. 2003).
¶ 11. We further note that Torns has not been in custody on account of his 1986 conviction since December 21, 1987.[1] He is presently in the custody of the Mississippi Department of Corrections as a result of his 1993 convictions. Because he is not serving any sentence under the 1986 conviction, he is also barred from bringing a post-conviction relief motion regarding that conviction. See Miss.Code Ann. § 99-39-5 (Rev.2000). Therefore, the trial court was without jurisdiction to consider Torns's post-conviction relief motion challenging his 1986 conviction, and since the trial court was without jurisdiction, we are likewise lacking in jurisdiction. See Graves v. State, 822 So.2d 1089, 1091(¶ 6) (Miss.Ct.App.2002) ("no jurisdiction is conferred upon this Court if none was in the court below").
¶ 12. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS ARE TAXED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] According to the trial judge's September 26, 1986 order, Torns was initially sentenced to a suspended term of five years in the custody of the Mississippi Department of Corrections, with three years' supervised probation for his conviction of uttering a forgery. However, on December 21, 1987, the trial judge amended Torns's sentence to fourteen months in the custody of the Mississippi Department of Corrections with credit for time served from October 22, 1986, to the date of entry of the amended order, December 12, 1987. Therefore, Torns's sentence expired on December 12, 1987, upon the issuance of the amended order.