BRIDGES, P.J.,
for the Court.
¶ 1. Indicted before the Humphreys County Circuit Court, Kirby Taylor pled guilty to two charges of" possession of cocaine with intent to sell: violations of Section 41-29-139(a)(l) of the Mississippi Code. The circuit court sentenced Taylor to’ two concurrent sentences of ten years vwthin the custody of the Mississippi Department of Corrections, suspended upon completion of six months in the House Arrest Program, followed by four and one-half years of post-release supervision.
¶ 2. On December 11, 2000, Taylor was arrested on a domestic violence charge. As a result, Taylor’s house arrest sentence was revoked, requiring Taylor to serve his two original concurrent ten year sentences.
¶ 3. Though the petition does not appear in the record, Taylor apparently filed a petition for post-conviction relief in the Humphreys County Circuit Court. Taylor requested dismissal of his two concurrent ten year sentences. Taylor argued that revocation of his sentence to house arrest resulted in a violation of his rights to due process. Taylor also argued that the circuit court revoked his sentence to house arrest without justification or a hearing.
¶ 4. The circuit court cited Section 47-5-807 of the Mississippi Code, which provides that an offender aggrieved by an adverse decision rendered by an administrative review procedure may seek judicial review of that decision within thirty days after receipt of the agency’s final decision. Miss.Code Ann. § 47-5-807 (Rev.2000). Accordingly, the circuit court determined that Taylor, ■ having failed to seek judicial review within thirty days after receipt of the appropriate final decision, did not complete the final step required for judicial review. Thus, the circuit court determined that the court lacked authority to hear Taylor’s grievances on the merits.
*210 ¶ 5. The circuit court assumed, arguen-do, that even if Taylor had no other recourse to a remedy of an administrative agency’s review process after thirty days expired, Taylor had no due process rights regarding his removal from house arrest. The court held that inmates have neither a property interest, nor a liberty interest in any particular housing assignment or custodial classification under the U.S. Constitution or Mississippi law. Griffis v. Miss. Dept. of Corrections, 809 So.2d 779(¶ 9) (Miss.Ct.App.2002) (citing Sandin v. Conner, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Holding that Taylor did not have a liberty interest at stake, the circuit court held that due process was not an issue. Consequently, the circuit court dismissed Taylor’s petition.
¶ 6. Subsequently, Taylor filed a petition for leave to proceed in the trial court for post-conviction relief with the Humphreys County Circuit Court. In that petition, filed April 1, 2003, Taylor attacked the legality of his sentence and claimed that he experienced prejudice due to ineffective assistance of counsel.
¶ 7. On June 23, 2003, the Humphreys County Circuit Court entered an order on Taylor’s petition. The circuit court mentioned that Taylor had written the circuit court several times and requested relief on his sentence. The basis of Taylor’s claims was that his house arrest was improperly revoked. Taylor concluded that, as a result of that improper revocation, he was subjected to an illegal sentence. The circuit court mentioned that it had previously ruled that the circuit court lacked jurisdiction to entertain Taylor’s complaints regarding the revocation of his sentence to house arrest. Further, the court ruled that Taylor was not entitled to post-conviction relief. The circuit court dismissed Taylor’s subsequent motions and warned that any additional motions would be barred as successive.
¶ 8. Aggrieved, Taylor appeals and asserts two instances of error in the circuit court, which we list verbatim:
I. TAYLOR CONTENDS THAT HIS INTENSIVE SUPERVISION WAS ILLEGALLY REVOKED AND AT THE VERY LEAST SHOULD BE REINSTATED.
II. COUNSEL WAS INEFFECTIVE IN NOT ADVISING THE APPELLANT OF INTENSIVE SUPERVISION AND THOUGH LENIENT, ALLOWING AN IMPOSITION OF ILLEGAL SUSPENDED SENTENCE FOR PLEA AGREEMENT.
However, Taylor’s subsequent motions for post-conviction relief are barred by operation of law. Accordingly, there is no reason to discuss the merits of Taylor’s allegations. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 9. “When reviewing a lower court’s decision to dismiss a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo” McGriggs v. State, 877 So.2d 447(¶ 3) (Miss.Ct.App.2003) (citations omitted).
ANALYSIS
¶ 10. The circuit court dismissed Taylor’s first motion for post-conviction relief on May 28, 2002. Taylor never perfected an appeal of that order. In April of 2003, Taylor filed additional motions for post-conviction relief. The circuit court dismissed those subsequent motions as successive writs. Taylor appeals the denial of *211 his subsequent motions for post-conviction relief.
¶ 11. Taylor filed motions for post-conviction relief in May of 2002 and again in April of 2003. The circuit court properly dismissed Taylor’s subsequent motions. Taylor’s successive motions are barred by Section 99-39-23(6) of the Mississippi Code. See Toms v. State, 866 So.2d 486(¶ 10) (Miss.Ct.App.2003). Accordingly, we affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.