919 So.2d 1017 (2005)
Edward Lee BLACK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00803-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1018 Edward Lee Black, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1 Edward Lee Black pled guilty in the Circuit Court of Hinds County, First Judicial District, to possession of cocaine and was sentenced on April 23, 2001, to serve eighteen months in the custody of the Mississippi Department of Corrections, with thirty-six months' post-release supervision. The sentence was subsequently corrected by reducing the thirty-six months' post-release supervision to eighteen months. In March of 2004, Black filed his motion of post-conviction collateral relief which was summarily dismissed. Aggrieved, Black appeals. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2 In October 1997, a two-count indictment was filed charging that on or about March 15, 1997, Edward Lee Black had unlawfully possessed both cocaine and less than one ounce of marijuana. On April 23, 2001, Black, represented by retained counsel, Dan Duggan, entered a guilty plea to the 1997 charge of possession of cocaine. A plea-qualification hearing was conducted by Special Circuit Court Judge Bobby DeLaughter who sentenced Black to serve eighteen months in the custody of the MDOC with credit for time served, and thirty-six months of post-release supervision. Consistent with the negotiated plea agreement, the second count of Black's indictment charging him with possession of less than one ounce of marijuana was remanded to the files.
¶ 3 In September of 2001, Black filed a pro se motion alleging that he had not been given the appropriate credit for time served and identifying specific periods of time he contended should have been credited. Black retained new counsel, George Holmes, who represented him at an October 23, 2001 hearing before Judge DeLaughter at which the court determined that the length of Black's post-release supervision had caused his sentence to exceed the maximum sentence prescribed by law at the time the offense was committed.[1] The court also found that Black should be given credit for time served and directed Black's attorney and the assistant district attorney "to get together and prepare an appropriate sentencing order reflecting this sentence. And in that sentence I want it spelled out not just time served, but I want dates in there." The corrected orders reducing Black's supervised probation from thirty-six months to eighteen months and identifying specific dates to be credited as time served were dated October 24, 2001. The dates specified for time served did not correspond exactly with the dates claimed by Black in his motion.
*1019 ¶ 4 During the October hearing, Black was also arraigned in case number 01-0-917, and it was confirmed that he would stand trial in that case in November. Black was apparently convicted, for on December 19, 2001, Black filed a motion to consolidate his sentences and to allow his five-year sentence in that case to run concurrently with his eighteen month sentence. Two years later, Black filed his motion for post-conviction collateral relief arguing that his lawyer and the district attorney had ignored the court's order to submit dates for time served and that, as a result, he was "rob[bed] of [certain] credit." The circuit court summarily dismissed the petition on April 7, 2004, finding that Black was not entitled to any relief as to his claim for credit for time served. Black timely filed his notice of appeal to this Court.

ISSUES AND ANALYSIS
¶ 5. Black's eighteen-month sentence for the 1997 drug charge was imposed on April 23, 2001. Yet, Black did not file his motion for post-conviction relief until 2004. The State argues that it is not possible for Black still to be incarcerated for the 1997 offense, and therefore, this Court does not have jurisdiction over the petition for post-conviction relief. The argument appears to have merit. There is nothing in the record to reflect that Black did not begin serving his eighteen-month sentence for the 1997 offense in April 2001. Accordingly, even without credit for time served prior to that date, his incarceration for the 1997 offense would have ended in October 2002. It would seem that, at the time Black filed his petition for post-conviction collateral relief, he was not incarcerated for his 1997 offense but for his five-year sentence in case number 01-0-917. In Torns v. State, 866 So.2d 486 (Miss.Ct. App.2003), this Court held that where the petitioner is not in custody on account of the conviction for which he seeks post-conviction relief, the trial court is without jurisdiction to consider the petition, and this Court is without jurisdiction on appeal. Id. at 489 (¶ 11) (citing Miss.Code Ann. § 99-39-5 (Rev.2000)). It is highly questionable that Black was incarcerated for the 1997 offense at the time he filed the petition for post-conviction review and that this Court has jurisdiction over this appeal. However, out of an abundance of caution that Black was somehow still incarcerated for the 1997 offense, we address the three issues Black raised in his motion for post-conviction relief.

I. Whether Black's due process rights were violated by the judge's failure to honor the plea agreement between the district attorney and Black.
¶ 6. Black's contention respecting the original plea agreement is procedurally barred. Black failed to present this issue to the circuit court in his motion for post-conviction relief and, therefore, cannot raise the issue for the first time on appeal. See Douglas v. Blackmon, 759 So.2d 1217 (¶ 9) (Miss.2000). We will not put a trial judge in error on a matter not presented to him for decision. Ponder v. State, 335 So.2d 885, 886 (Miss.1976). Further, Black's own testimony reflects that he was well aware of the plea agreement and entered into it freely and voluntarily. At the plea qualification hearing, Judge DeLaughter asked Black whether promises, other than those identified in the plea agreement, had been made to persuade him to plead guilty. Black replied that two charges pending in January of 2000 were supposed to be dismissed if he pled guilty. After some discussion, Judge DeLaughter stated:
Mr. Black, you've got a choice to make, and I don't care one way or the other *1020 what that choice is. You can either plead guilty to this case or you can go to trial tomorrow on this case, one or the other. Now, if you decide you don't want a trial, that it's still your desire to plead guilty, what you need to understand is that the recommended sentence is going to be limited solely to this 1997 charge. It does not take into consideration any other charges. Now what I need to know from you is whether or not, recognizing that, if it's still your desire to plead guilty to this case or if you want a trial in this case.
(Emphasis added). Black replied, "I plead guilty, sir."

II. Whether Black's due process rights were violated by the judge's failure to give Black all of the credit for time served.
¶ 7. Our standard for reviewing a trial court's denial of post-conviction relief is well settled; this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous; however, we review questions of law de novo. Twillie v. State, 892 So.2d 187, 188 (¶ 6) (Miss.2004); Townsend v. State, 892 So.2d 282, 283 (¶ 3) (Miss.Ct.App.2004). Judge DeLaughter found as a fact that Black was "not entitled to any relief as to his claim . . . that he has [not received] credit for time already served." After close examination of the record, we find that Black received credit for time served according to the corrected order signed by Judge DeLaughter on October 24, 2001. Black now appears to be seeking credit for time served on other charges. At the resentencing hearing on October 23, 2001, Judge DeLaughter explained that Black would be given credit only for the time he had served on the 1997 cocaine charge. Judge DeLaughter instructed Black's attorney, George Holmes, and the assistant district attorney to work together to prepare a corrected sentencing order reflecting the dates for which Black was to receive credit. The corrected order was signed on October 24, 2001. The Department of Corrections, in a memorandum dated March 31, 2003, gave Black an explanation of his credits, attaching his time sheet and jail time sheet. Black has failed to prove by a preponderance of the evidence that the explanation is wrong or that the dates specified in the corrected order were incomplete. The burden is upon the petitioner "to prove by a preponderance of the evidence that he is entitled to the requested post-conviction relief." Bilbo v. State, 881 So.2d 966, 967 (¶ 3) (Miss.Ct. App.2004). The finding of the trial court that Black is not entitled to relief is affirmed.

III. Whether Black received ineffective assistance of counsel in the plea process.
¶ 8. This Court presumes counsel to be competent, and Black must show that his counsel was ineffective under the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990). Black must prove not only that his counsel's performance was deficient, but also that the deficiency prejudiced his defense so as to deprive him of a fair trial. See Strickland, 466 U.S. at 687-96, 104 S.Ct. 2052. "A strong but rebuttable presumption, that counsel's performance falls within the wide range of reasonable professional assistance, exists. . . . The defendant must show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court. . . ." Rankin v. State, 636 So.2d 652, 656 (Miss.1994) (citations omitted).
*1021 ¶ 9. In his motion for post-conviction collateral relief, Black vaguely alleged that he was misled by his attorney and received ineffective assistance of counsel. He provided no further support or explanation for his allegation. Thus, the trial court was correct to find Black was not entitled to relief. Now, in his brief appealing the denial of his motion, Black alleges that Dan Duggan, Black's attorney during the plea process, allowed him to be sentenced to an illegal sentence and should have objected to the State's recommendation which was beyond the statutory maximum. While we recognize that the State's recommendation and Judge DeLaughter's original sentence was in excess of the statutory maximum, the sentence was corrected six months later. At the re-sentencing hearing on October 23, 2001, Judge DeLaughter found that the original sentence imposed upon Black did exceed the maximum allowed by law. Black suffered no prejudice with respect to the illegality of the original sentence as it was subsequently corrected by the trial court. Black freely and voluntarily pled guilty and served a sentence within the maximum allowed by law, which was explained to him at the plea qualification hearing. Judge DeLaughter clearly asked Black, "Do you understand that upon your guilty plea today, the Court could sentence you to anything up to three years of incarceration.. . ." Black replied in the affirmative. On appeal, Black presents no evidence to show that his counsel's objection to the imposed sentence would have changed the outcome. Having failed to show both deficient performance and actual prejudice, Black has failed to demonstrate that he received ineffective assistance of counsel by the failure to object to the original sentence imposed.
¶ 10. Black also alleges that Duggan withdrew from the case without permission from the circuit court and, according to Black, "is still, to this day, . . . counsel for the appellant." We find this contention to be totally without merit. Duggan filed a motion to withdraw as Black's attorney on May 7, 2001, explaining that an "irreparable rift has developed in the lawyer-client relationship." Black admitted to Duggan's withdrawal in his September 2001 motion, in which he stated that Duggan "failed to provide credit for time served because a withdrawal . . . on or about the 23rd of April 2001." Black further contends that the attorney who represented him sometime after Duggan, George Holmes, "never saw that his client received his good time credits and the court to sentence to an illegal sentence without objecting. . . ." This argument is also without merit. At the re-sentencing hearing, Black was represented by Holmes and his "illegal sentence" was corrected by the circuit court; Black has not proved that the credits included in the corrected order were erroneous. Black has, thus, not shown how Holmes's assistance was ineffective in any way.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.
NOTES
[1] At the time Black committed the offense, the statutory maximum sentence for possession of cocaine was three years of incarceration. See Miss.Code Ann. § 41-29-139 (1972 & Supp. 1997).