912 So.2d 189 (2005)
Deshon SANDERS, Appellant
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Appellee.
No. 2004-CP-01010-COA.
Court of Appeals of Mississippi.
October 4, 2005.
Deshon Sanders, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. Deshon Sanders appeals from an order of the Circuit Court of Sunflower County denying his motion for post-conviction relief regarding the loss of his earned time. He argues (1) that the lower court erred in failing to release him after he served fifty percent of his fifteen-year sentence, (2) that he should have received a written statement of the evidence relied on *190 by the Mississippi Department of Corrections for the disciplinary action taken against him, and (3) that his due process and equal protection rights have been violated. We find no error; therefore, we affirm the decision of the trial court.

FACTS
¶ 2. On or about March 4, 1994, Sanders pleaded guilty to burglary of a dwelling and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). After Sanders was confined in the MDOC, he, at various times between 1994 and 2000, was subjected to administrative discipline for violating the internal rules of the MDOC. These violations caused Sanders to lose some accumulated earned time. In December of 2003, Sanders filed a request for administrative relief, asserting that the officials of the MDOC wrongfully forfeited his earned time, resulting in his being wrongfully incarcerated. He asserted that, had his earned time not been forfeited, he would have flat-timed his sentence after serving seven and one-half years. He maintains that he has been illegally incarcerated from June 25, 2001, until the present.
¶ 3. On December 18, 2003, the MDOC rejected Sanders's request for administrative relief, finding that there had been a lapse of more than thirty days between the forfeiting of Sanders's earned time and his initial filing of the grievance. On February 24, 2004, Sanders filed a habeas corpus petition which was denied by the Circuit Court of Sunflower County. The trial court found that it had no jurisdiction because Sanders failed to provide the court with proof that he had exhausted all of his administrative remedies. Additionally, the court found that Sanders's petition was untimely since the alleged violations occurred from 1994-2000, and Sanders did not file a grievance until December 18, 2003, and did not file a habeas corpus petition until February 24, 2004. The trial court denied Sanders's petition and dismissed it with prejudice.
¶ 4. After the dismissal of his habeas corpus petition, Sanders filed a motion for post-conviction relief, and a motion for discovery and expansion of records. These motions were denied by the trial court on April 30, 2004. The trial court, citing Carson v. Hargett, 689 So.2d 753 (Miss.1996), held that Sanders's challenge was based on his classification and that the classification of inmates is an administrative decision, beyond judicial review. The trial court also held that the applicable period of limitations had lapsed and that Sanders's claims were legally frivolous. Therefore, the trial court denied the post-conviction relief motion and dismissed it with prejudice.

STANDARD OF REVIEW
¶ 5. Our standard of review of a trial court's denial of post-conviction relief is well settled. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION
¶ 6. Sanders first argues that he should have been released after he served seven and one-half years of his fifteen-year sentence. Sanders maintains that the MDOC had no authority to revoke his earned time. Sanders contends that by forfeiting his earned time, the MDOC transformed his fifteen-year sentence into a fifteen-year *191 mandatory sentence without the possibility of early release. Sanders asserts that he has been serving an illegal sentence since June 25, 2001.
¶ 7. Sanders maintains that, in order for an inmate to have his earned time revoked, the inmate must receive felony rules violation reports and that the rules violation reports which he received were not felonious.
¶ 8. The State counters that the MDOC was authorized to revoke Sanders's earned time pursuant to Mississippi Code Annotated section 47-5-138 (Rev.2004) which states in pertinent part:
(1) The department [MDOC] may promulgate rules and regulations to carry out an earned time allowance program based on the good conduct and performance of an inmate. An inmate is eligible to receive an earned time allowance of one-half (½) of the period of confinement imposed by the court except those inmates excluded by law. When an inmate is committed to the custody of the department, the department shall determine a conditional earned time release date by subtracting the earned time allowance from an inmate's term of sentence. This subsection does not apply to any sentence imposed after June 30, 1995.
(2) An inmate may forfeit all or part of his earned time allowance for a serious violation of rules. No forfeiture of the earned time allowance shall be effective except upon approval of the commissioner or his designee, and forfeited earned time may not be restored.
(3) (a.) For the purposes of this subsection, "final order" means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.
¶ 9. This statute clearly states that all or part of an inmate's earned time allowance may be forfeited for serious violation of the rules. Therefore, there is no merit in Sanders's contention that the MDOC had no authority to revoke his earned time. The State contends that we have no jurisdiction over Sanders's claims because Sanders failed to exhaust all of his administrative remedies. The State maintains that the MDOC's administrative review procedures, adopted pursuant to section 47-5-801 of the Mississippi Code of 1972 as amended, requires that a grievance must be filed within thirty days of an alleged incident. Section 47-5-807 of the Mississippi Code of 1972 as amended states the following: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." The right to seek judicial review is limited by section 47-5-803(2), which provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure." Miss.Code Ann. § 47-5-803(2) (Rev.2004).
¶ 10. Together, these statutes provide that an inmate who receives an adverse decision pursuant to any administrative review procedure may challenge the adverse decision, so long as the inmate has exhausted all administrative remedies and has brought the petition within thirty days of receipt of the agency's final decision.
¶ 11. A review of Sanders's "Sentence Computation Record" reveals that he had various amounts of earned time taken *192 away from him due to violations which occurred between 1994 and 2000.[1] According to MDOC's policy, after Sanders's earned time was taken, he had only thirty days to file a grievance. However, Sanders did not file his grievance until December 18, 2003, which was three years after the last incident resulting in a loss of earned time credit. Therefore, we find that the MDOC properly rejected Sanders's grievance.
¶ 12. "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence: arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." Griffis v. Miss. Dep't of Corrections, 809 So.2d 779, 782(¶ 10) (Miss.Ct.App.2002) (quoting Miss. State Bd. of Pub. Accountancy v. Gray, 674 So.2d 1251, 1253 (Miss.1996)). On these facts, we cannot find that the MDOC's rejection of Sanders's grievance was arbitrary or capricious. Therefore, we affirm the decision of the trial court dismissing Sanders's motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Sanders also received additional RVRs (rules violation reports) after 2000 that would have resulted in loss of earned time had Sanders not already forfeited all his earned time.