BARNES, J.,
for the Court.
¶ 1. Robert Earl Andrews, pro se, appeals the Circuit Court of Marion County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In June 2003, Robert Andrews pleaded guilty to one charge of sale or transfer of a controlled substance and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with twelve years to serve, eight years suspended, and five years of post-release supervision. In March of 2005, Andrews filed a motion for post-conviction relief in which he asserted (1) that his guilty plea had not been made knowingly and voluntarily; (2) that he had received ineffective assistance of counsel; (3) that his indictment was fatally defective; (4) that his sentence was excessive and disproportionate;[1] and (5) that section 47-7-34 of the Mississippi Code (Rev. 2004), which authorizes trial courts to impose upon convicted felons a term of post-release supervision, is unconstitutional.[2] On March 31, 2005, the Circuit Court of Marion County dismissed Andrews’s motion for post-conviction relief; Andrews subsequently perfected his appeal to this Court.
STANDARD OF REVIEW
¶ 3. We will reverse a trial court’s denial of post-conviction relief only upon a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (113) (Miss.Ct.App.2002).
ISSUES AND ANALYSIS
I. WHETHER ANDREWS’S GUILTY PLEA WAS ENTERED KNOWINGLY AND VOLUNTARILY
¶ 4. Andrews claims that his guilty plea was involuntary because he was misled and coerced by his attorney into making his plea. Specifically, he claims that his attorney made a “firm representation” that he would receive a sentence of only five years upon entering a guilty plea. Furthermore, Andrews asserts that he was told by defense counsel to lie at the plea hearing, i.e., to represent that he had been *485 promised nothing when he had in fact been promised a lenient sentence. Andrews does not claim that his plea was defective for any other reason. We find that the record proves these contentions to be without merit.
¶ 5. While Andrews now claims that he was misled by his attorney and coerced into making a guilty plea, he made it clear to the trial court that the decision to plead guilty was his own:
COURT: So now has anyone told [you] that if you will get up here and plead guilty I’m going to give you a particular sentence, length of sentence, kind of sentence or anything like that ... Robert, have they told you?
ANDREWS: No.
[[Image here]]
COURT: Anybody at all done anything by way of mistreatment, abuse, coercion, intimidation, threats, promises, pressure or telling you something we haven’t been over today or just anything that’s caused you to enter your pleas of guilty?
[[Image here]]
ANDREWS: No, sir.
[[Image here]]
COURT: So /all have had an opportunity to talk about the case with whoever you wanted to. But is anybody including /all’s attorneys putting any pressure on you or trying to talk you into entering any plea?
ANDREWS: No.
[[Image here]]
COURT: Now, when ... you are arraigned and enter whatever plea that you want to enter, are you telling me under oath that that plea will be by your own decision?
ANDREWS: Yes, sir.
[[Image here]]
COURT: And will it be entered by ... you freely and voluntarily?
ANDREWS: Yes, sir.
¶ 6. Furthermore, the trial court very clearly explained to Andrews that, upon his entry of a guilty plea, he could be sentenced from zero to thirty years in the custody of the Mississippi Department of Corrections and fined between $5,000 and $1,000,000. See Miss.Code Ann. § 41-29-139(b)(1) (Rev.2005). Andrews acknowledged this not only in open court, but also in his sworn petition to plead guilty. Though Andrews claims he was given a “firm representation” that he would receive a sentence of only five years, the record shows he was informed that he could be subject to a significantly greater sentence.
¶ 7. This Court gives great weight to statements made by a defendant under oath and in open court. See, e.g., Vandergriff v. State, 920 So.2d 486, 490 (¶ 7) (Miss.Ct.App.2006). The trial court time and again asked Andrews if his plea was entered voluntarily, whether he had been made any promises of leniency, and whether he had been coerced in any way. Given more than ample opportunity to inform the court of any coercion or promises of leniency, Andrews repeatedly claimed that he made his plea voluntarily. Nothing in the record demonstrates that Andrews’s plea was anything but voluntary; therefore, we find this issue to be without merit.
II. WHETHER ANDREWS WAS AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 8. Andrews also claims that his counsel was deficient in that he instructed Andrews to lie during the plea proceedings, informed him that a plea agreement had been reached wherein Andrews would receive a mere five years in prison, and *486 failed to make a reasonable investigation into the facts of the case.
¶ 9. The test for ineffective assistance of counsel is stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant bears the burden of establishing ineffective assistance of counsel, and he must show that (1) defense counsel’s performance was deficient when measured by the objective standard of reasonable professional competence, and (2) that the defendant was prejudiced by counsel’s failure to meet that standard. Pleas v. State, 766 So.2d 41, 42 (¶ 3) (Miss.Ct.App.2000) (citing Wiley v. State, 750 So.2d 1193, 1198 (¶ 11) (Miss.1999)). When, as here, the defendant entered a guilty plea, the question is whether “there is a reasonable probability that had counsel’s assistance been effective, he would not have pled guilty, but would have insisted on going to trial.” Id. at 43 (¶ 7) (citing Bell v. State, 751 So.2d 1035, 1038 (¶ 14) (Miss.1999)). “He must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different.” Ford v. State, 708 So.2d 73, 75 (¶ 8) (Miss.1998).
¶ 10. As stated above, it is clear from the record that Andrews made his plea knowingly, voluntarily, and intelligently, and on more than one occasion testified that he had not been induced or coerced into pleading guilty. Additionally, it is clear that Andrews knew he could be subject to a sentence of up to thirty years, along with a substantial fine. Therefore, we find that Andrews’s first two assertions of ineffective assistance of counsel are clearly without merit.
¶ 11. While Andrews claims that his attorney failed to conduct an adequate investigation, nowhere in his motion or appellate brief has he stated how additional investigation by his counsel would have changed his decision to plead guilty. Furthermore, during the plea hearing, Andrews never asserted his innocence, and in fact testified that he sold cocaine to a confidential informant on April 19, 2000. This being the case, we find that Andrews has not carried his burden of proving that ineffective assistance of his counsel led him to plead guilty when he otherwise would have asserted his innocence.
III. WHETHER ANDREWS’S INDICTMENT WAS FATALLY DEFECTIVE
¶ 12. Andrews claims that the indictment charging him with the sale of cocaine was fatally defective because, while the indictment alleged that Andrews sold 0.3 grams of cocaine, he pled guilty to the sale of 0.6 grams of cocaine. Andrews’s claim is frivolous, as it is clear that an indictment charging the sale of cocaine pursuant to section 41-29-139 need not state the amount of cocaine allegedly sold. Waites v. State, 872 So.2d 758, 759 (¶ 7) (Miss.Ct.App.2004). Regardless, Andrews waived appeal of this issue via the entry of his guilty plea. See Brooks v. State, 573 So.2d 1350, 1355 (Miss.1990) (holding all non-jurisdictional defects waived by knowing and voluntary guilty plea); Ramage v. State, 914 So.2d 274, 278 (¶ 10) (Miss.Ct.App.2005). This issue is without merit.
CONCLUSION
¶ 13. Finding all of Andrews’s claims to be without merit, we affirm the judgment of the Circuit Court of Marion County dismissing Andrews’s motion for post-conviction relief.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DISMISSING THE MOTION FOR *487 POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.

. Andrews failed to present this issue to the circuit court in his motion for post-conviction relief; accordingly, he may not raise this issue for the first time on appeal. See Black v. State, 919 So.2d 1017, 1019 (¶ 6) (Miss.Ct.App.2005).

. As Andrews concedes in his appellate brief that section 47-7-34 is in fact constitutional, we will not address this issue on appeal.