ROBERTS, J.,
concurring in result only:
¶ 24. While I agree with the majority’s result in clearing Darrell Morris’s record of violation of his earned-release supervision (ERS), I write separately to clarify a point of concern. My concern is this Court’s review of Morris’s claim should not be a review of a circuit court’s denial of a motion for post-conviction relief; instead, it is a review of an administrative agency’s decision and should have been analyzed as such.
¶ 25. Morris was released from prison and reclassified by the Mississippi Department of Corrections (MDOC) to ERS status on May 22, 2007. While on ERS, he retains inmate status and is still considered in the exclusive custody of the MDOC pursuant to Mississippi Code Annotated section 47-5-138(6) (Supp.2010).[3] After his reclassification to ERS status and while on earned-release, Morris was involved in a fight with his father-in-law. As a result of the fight, a MDOC hearing officer, after a reclassification hearing, determined that Morris had violated a condition of his ERS and reclassified him from ERS status to custody status on July 29, 2008.
¶ 26. Subsequent to the hearing, the domestic-violence charge against Morris was no-billed by the grand jury. He then filed a PCR motion in the Jackson County Circuit Court, the court wherein he was convicted and sentenced. For a PCR motion, the circuit court would be the only appropriate court in which to file a PCR motion. Stanley v. Turner, 846 So.2d 279, 281 (¶ 7) (Miss.Ct.App.2003). However, Jackson County Circuit Judge Dale Har-key reviewed Morris’s PCR motion and found that it was actually an appeal of a grievance under the administrative review program (ARP). Mississippi Code Annotated section 47-5-803(2) (Rev.2004) provides that:
No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure. If at the time the petition is filed the administrative review process has not yet been completed, the court shall stay the proceedings for a period not to exceed ninety (90) days to allow for completion of the procedure and exhaustion of the remedies thereunder.
¶ 27. On March 23, 2009, Judge Harkey entered an order transferring the matter to the Jefferson County Circuit Court, the court in the county wherein Morris was currently incarcerated, to review Morris’s PCR motion as an appeal of an administrative grievance. Jefferson County Circuit *722 Judge Lamar Pickard entered an order on April 15, 2009, requiring the Mississippi Attorney General’s Office to answer the allegations Morris had set forth in his motion. In its answer, the MDOC, through the attorney general’s office, admitted that Morris had completed the three-step ARP and exhausted his administrative remedies as required. On June 2, 2009, Judge Pickard entered an order denying Morris’s motion and affirming the ARP decision because he concluded that the ARP decision was supported by evidence and properly applied the law.
¶28. The key point I would like to make is that this Court’s review of Morris’s claim is that of an appeal of an administrative agency’s decision and not of a PCR motion. While on ERS, Morris was under the exclusive jurisdiction of the MDOC, not the circuit court. An analysis of Morris’s claim as a PCR motion would require the Jefferson County Circuit Court to have jurisdiction over Morris’s claim, which it did not have at the time. Since his claim should be considered an appeal from an administrative agency’s decision, the standard of review is whether the decision was “arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Sanders v. Miss. Dep’t of Corrs., 912 So.2d 189, 192 (¶ 12) (Miss.Ct.App.2005) (citing Griffis v. Miss. Dep’t of Corrs., 809 So.2d 779, 782 (¶ 10) (Miss.Ct.App.2002)). Applying that standard of review, I find that the decision was arbitrary or capricious. At the administrative hearing, Morris submitted evidence from his wife, mother, and father-in-law all indicating that he had acted in self-defense. If Morris had been acting in self-defense, he would not be in violation of an ERS condition. The hearing officer blatantly disregarded this evidence that Morris had acted in self-defense during the fight with his father-in-law. As such, the decision that Morris violated a condition of his ERS, his subsequent reclassification from ERS to custody status, and the circuit court’s affirmance of that decision were in error.
¶ 29. While the majority reviews the claim as a PCR motion and properly comes to the same result using an analysis for a PCR motion, I concur in result and write separately to clarify that this Court should be reviewing Morris’s claim as a review of an administrative agency’s decision and not a PCR motion.
GRIFFIS, P.J., Joins this Opinion.

. The statute reads in pertinent part:
Any inmate, who is released before the expiration of his term of sentence under this section, shall be placed under [ERS] until the expiration of the term of sentence. The inmate shall retain inmate status and remain under the jurisdiction of the department.... The commissioner shall designate the appropriate hearing officer within the department to conduct revocation hearings for inmates violating the conditions of [ERS],
Miss.Code Ann. § 47-5-138(6).