FAIR, J.,
for the Court:
¶ 1. Arthur Wilde, an inmate in the- custody of the Mississippi Department of Corrections, appeals from the Sunflower County Circuit Court’s denial of a “show cause” petition he filed against the MDOC. Finding no reversible error, we affirm.
FACTS
¶ 2. Wilde was issued a rules violation report (RVR) by MDOC officials after testing positive for marijuana in a random drug test administered by the MDOC. Marijuana is, as one might expect, an unauthorized drug under the MDOC inmate rules. Wilde challenged the RVR charge through the MDOC’s Administrative Remedy Program (ARP) and pursued each of the three steps required by ARP procedure. The MDOC issued a final decision denying Wilde’s appeal on November 17, 2009.
¶ 3. Wilde filed an action in the circuit court on January 19, 2010, claiming he was denied due process. Specifically, Wilde contended that the MDOC had denied him an investigation of the RVR charge.
¶4. The circuit court determined that Wilde had failed to file his petition for judicial review of the decision rendered by the MDOC within the thirty-day time period allowed by Mississippi Code Annotated section 47-5-807 (Rev. 2011). Notwithstanding the time bar, the circuit court found no merit to Wilde’s due process claim because Wilde failed to establish that the MDOC’s decision regarding the RVR charge was unsupported by substantial evidence, arbitrary or capricious, beyond the agency’s scope of powers, or in violation of his constitutional or statutory rights. Accordingly, the circuit court also denied Wilde’s petition on the merits. This appeal followed.
*794 DISCUSSION
¶ 5. Section 47-5-807 provides: “Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure ... may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.” As the circuit court found, Wilde received a certifícate of completion, with a third-step response attached, on November 17. The certifícate informed Wilde that the requirements of the ARP had been fulfilled and that Wilde had thirty days to seek judicial review of the MDOC’s decision. Wilde did not file his petition with the circuit court until January 19, well beyond the thirty days allowed by section 47-5-801. The statutory time limit is jurisdictional. Moore v. Miss. Dep’t of Corrs., 936 So.2d 941, 944 (¶ 14) (Miss.Ct.App.2005).
¶ 6. Statutory time bar notwithstanding, Wilde’s underlying claim also fails on the merits. The record shows that in accordance with the MDOC’s policy and procedures, Wilde was provided a copy of the results of his drug test and granted a disciplinary hearing to present his grievances. Wilde attempted to leave the hearing early, but MDOC officials returned him to the hearing and made him stay until the proceedings concluded. Wilde offered no evidence on his behalf in response to the charge in the RVR. The MDOC’s disciplinary staff subsequently found Wilde guilty of unauthorized drug use.
¶ 7. The courts may not disturb an administrative agency’s decision unless it is “unsupported by substantial evidence[;] arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Sanders v. Miss. Dep’t of Corrs., 912 So.2d 189, 192 (¶ 12) (Miss. Ct.App.2005) (quoting Griffis v. Miss. Dep’t of Corrs., 809 So.2d 779, 782 (¶ 10) (Miss.Ct.App.2002)). Wilde failed to make any such showing in his petition to the circuit court.
¶ 8. Wilde’s petition was time-barred, and even if the circuit court had jurisdiction to hear it, he would not be entitled to relief.
¶ 9. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.